NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2783
_____

UNITED STATES OF AMERICA

v.

STEPHEN L. MARKS,
                                        *Appellant*

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(Criminal Action No. 1-10-cr-00275-001)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted Under Third Circuit LAR 34.1(a)
February 9, 2012

_____

Before: SLOVITER, VANASKIE, *Circuit Judges*,
and POLLAK, *District Judge**

(Opinion filed: April 4, 2012)

_____

OPINION

_____

---

* Honorable Louis H. Pollak, Senior Judge of the United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

POLLAK, *District Judge*.

After Stephen Marks pled guilty to three charges arising out of his participation in a conspiracy to illegally distribute and dispense controlled substances, the District Court sentenced him to a fifty-one-month term of imprisonment. On appeal, Marks challenges only the substantive reasonableness of his sentence. We will affirm.

**I.**

Because we write primarily for the parties, who are familiar with the background of this case, we will summarize the facts and procedural history only briefly. On September 22, 2010, a federal grand jury returned a seven-count indictment against Marks. The indictment alleged that Marks, a licensed pharmacist, conspired with others to illegally distribute and dispense controlled substances via telemarketers and the internet. Pursuant to a plea agreement, Marks pled guilty to the first three counts of the indictment, which, respectively, charged Marks with: 1) conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846; 2) causing misbranded drugs to be moved in interstate commerce in violation of 21 U.S.C. §§ 331(k), 333(a)(2), and 353(b)(1); and 3) money laundering in violation of 18 U.S.C. § 1957.

The District Court held a sentencing hearing on June 23, 2011. The probation office's presentence investigation report recommended a sentence within the guideline range of fifty-one to sixty-three months. Marks requested a variance, arguing that he should be sentenced to less than two years' imprisonment based on the nature of his offense; his relatively minor role in the conspiracy; his age and health problems, which

2

included sleep apnea, hypertension, and osteoarthritis; and the low likelihood that he would recidivate, since he was no longer a practicing pharmacist.

After considering the factors set forth in 18 U.S.C. § 3553(a), including Marks=s age and physical condition, the District Court sentenced Marks to fifty-one months of imprisonment (the bottom of the guideline range) and three years of supervised release.

**II.**

We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We review the District Court=s sentence under an abuse of discretion standard. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). Where, as here, a defendant makes no procedural challenge to the District Court's sentence, our inquiry is limited to the sentence=s substantive reasonableness. *See id.* at 568.

Marks argues that his sentence was substantively unreasonable because, in imposing his sentence, the District Court gave "short shrift" to his variance request and, as a result, imposed a sentence that was greater than necessary to comply with the purposes of sentencing in light of Marks's age, health conditions, and likelihood of recidivism. "The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in § 3553(a)." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007). Here, the record reflects that the District Court gave meaningful consideration to the § 3553(a) factors and reasonably concluded that a fifty-one-month sentence was necessary. In explaining its decision not to grant Marks's request for a variance, the Court noted that Marks had ignored a warning from the Drug Enforcement Administration ("DEA"), had recruited other people to

3

participate in the illegal drug sales, and had been involved in the sale of a significant quantity of drugs. The Court also explained that Marks's physical health did not necessitate a reduced sentence because "the proper institution to which he is assigned can take care of that." Marks's sentence, which fell at the bottom of the guideline range, was substantively reasonable.

## III.

For the reasons stated above, we will affirm the sentence.

4